# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CARLOS MARTINEZ,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>UNITED STATES OF AMERICA,<br><br>　　　　Defendant. | Case No.  1:24-cv-00494-SAB<br><br>FINDINGS AND RECOMMENDATIONS RECOMMENDING DISMISSING ACTION<br><br>ORDER DIRECTING CLERK OF THE COURT TO RANDOMLY ASSIGN A DISTRICT JUDGE<br><br>(ECF No. 1)<br><br>**OBJECTIONS DUE WITHIN FOURTEEN DAYS** |

Plaintiff Carlos Martinez ("Plaintiff"), a prisoner proceeding *pro se* and *in forma pauperis*, initiated this action against Defendant United States[1] on April 26, 2024.  The complaint is currently before the Court for screening.

## I.

## SCREENING REQUIREMENT

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that "fail[] to state a claim on which relief may be granted," or

---

[1] Plaintiff alleges the United States "is employed as U.S. Postal Services (USPS) delivering mail at Long Beach, California in the USA." (Compl. at 2.)

1

that "seek[] monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief …." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal (Iqbal), 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly (Twombly), 550 U.S. 544, 555 (2007)). "Vague and conclusory allegations of official participation in civil rights violations are not sufficient …." Ivey v. Bd. of Regents of the Univ. of Alaska, 673 F.2d 266, 268 (9th Cir. 1982).

Prisoners proceeding *pro se* in civil rights actions are entitled to have their pleadings liberally construed and to have any doubt resolved in their favor. Wilhelm v. Rotman, 680 F.3d 1113, 1121 (9th Cir. 2012) (citations omitted). To survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged. Iqbal, 556 U.S. at 678–79; Moss v. U.S. Secret Serv., 572 F.3d 962, 969 (9th Cir. 2009). The "sheer possibility that a defendant has acted unlawfully" is not sufficient, and "facts that are 'merely consistent with' a defendant's liability" falls short of satisfying the plausibility standard. Iqbal, 556 U.S. at 678; Moss, 572 F.3d at 969. Leave to amend may be granted to the extent that the deficiencies of the complaint can be cured by amendment. Cato v. U.S., 70 F.3d 1103, 1106 (9th Cir. 1995).

## II.

## SUMMARY OF COMPLAINT ALLEGATIONS

The Court accepts Plaintiff's allegations as true only for the purpose of the *sua sponte* screening requirement under 28 U.S.C. § 1915.

Plaintiff, a prisoner at Valley State Prison, has been sending letters to his sister at the same address in Long Beach, California for more than ten years. (ECF No. 1 ("Compl.") at 3.) Between September 2022 and February 2024, the United States Postal Service ("USPS") delivered more than twenty-five letters by Plaintiff to his sister to the incorrect address. (Id.) USPS continued to deliver Plaintiff's mail to the incorrect address despite the resident informing

1  the USPS that she was not Plaintiff's sister.  (Id.)  Eleven or more of the letters were returned to
2  Plaintiff with notes stating, "Return to Sender Not at this Address" or "Attempted Not Known –
3  Unable to Forward."  (Id.)

4     As a result of Plaintiff's letters being returned, misplaced, misdelivered, lost, destroyed,
5  and prevented from reaching their destination, Plaintiff suffered injuries including, but not
6  limited to, emotional distress, frustration, impotence, anxiety that caused a skin disease which
7  resulted in permanent scars on Plaintiff's face, stress, preoccupation, confusion, loss of
8  enjoyment of life, humiliation, embarrassment, loss of sleep, loss of love, loss of interest in life,
9  worry, depression, madness, mental anguish, and thoughts of self-harm after thinking his sister
10 did not love him anymore.  (Id. at 3, 5.)  Plaintiff requests relief in the form of monetary
11 damages.  (Id. at 8.)

12                                    **III.**
13                               **DISCUSSION**

14     Plaintiff brings one cause of action against the United States ("Defendant") under the
15 Federal Tort Claims Act ("FTCA") due to USPS's negligence related to the delivery and
16 handling of Plaintiff's mail.  While Plaintiff clearly alleges he is pursuing a claim under the
17 FTCA, he also indicates that he brings this action under Bivens v. Six Unknown Named Agents,
18 403 U.S. 388 (1971). (Compl. at 1.)  The Court first addresses Plaintiff's claim under Bivens,
19 then his claim under the FTCA.

20     **A.     Bivens Action**

21     Plaintiff indicates on his form civil rights complaint that the Court has jurisdiction over
22 this action pursuant to Bivens, which created a remedy for violations of constitutional rights
23 committed by federal officers acting in their individual capacities.  Consejo de Desarrollo
24 Economico de Mexicall, A.C. v. United States, 482 F.3d 1157, 1173 (9th Cir. 2007) (citing
25 Bivens, 403 U.S. 388)).  Thus, to state a Bivens claim, a plaintiff must allege that persons acting
26 under the color of federal law violated his constitutional rights.  Martin v. Sias, 88 F.3d 774, 775
27 (9th Cir. 1996) (citing Van Strum v. Lawn, 940 F.2d 406, 409 (9th Cir. 1991)).  Bivens actions
28 have historically been limited to constitutional claims against federal officers under the Fourth,

1 Fifth, and Eighth Amendments. Ziglar v. Abbasi, 582 U.S. 120, 131, (2017) (citing Bivens, 403
2 U.S. 388 (Fourth Amendment unreasonable search and seizure); Davis v. Passman, 442 U.S. 228
3 (1979) (Fifth Amendment gender discrimination); Carlson v. Green, 446 U.S. 14 (1980) (Eighth
4 Amendment deliberate indifference to medical needs)).

5      Plaintiff's complaint fails to allege a specific constitutional violation to trigger a Bivens
6 action.  Instead, Plaintiff alleges that "Defendant with deliberate negligence disregarded
7 plaintiff's federal right to communicate with her [*sic*] sister." (Compl. at 4.) Plaintiff, an inmate,
8 certainly has a First Amendment right to communicate with his sister. Witherow v. Paff, 52 F.3d
9 264, 265 (9th Cir. 1995) (noting prison inmates enjoy a First Amendment right to "send and
10 receive mail"). However, Plaintiff's allegations do not rise to a level of a constitutional
11 wrongdoing under Bivens. Rather, the crux of Plaintiff's allegations stem from USPS's
12 negligence in mishandling and misdelivering Plaintiff's mail.

13      Additionally, even if Plaintiff had alleged a constitutional violation, the United States is
14 the sole defendant in this action. Under Bivens, an action cannot be brought against the United
15 States, a federal agency, or a federal agent acting in his official capacity. F.D.I.C. v. Meyer, 510
16 U.S. 471, 485 (1994) (noting "the purpose of Bivens is to deter *the officer*") (emphasis in
17 original); Arnsberg v. United States, 757 F.2d 971, 980 (9th Cir. 1985) ("Bivens does not
18 provide a means of cutting through the sovereign immunity of the United States itself"); Daly-
19 Murphy v. Winston, 837 F.2d 348, 355 (9th Cir. 1987) ("[a]bsent a waiver of sovereign
20 immunity, an individual may not maintain a Bivens action for monetary damages against the
21 United States."). Accordingly, even if the complaint can be construed or amended to raising
22 federal constitutional claims, Plaintiff may not pursue such claims in a Bivens action against the
23 United States.

24     **B.**    **Jurisdiction and Sovereign Immunity**

25     Federal courts are courts of limited jurisdiction and their power to adjudicate is limited to
26 that granted by Congress. U.S. v. Sumner, 226 F.3d 1005, 1009 (9th Cir. 2000). Plaintiff's
27 complaint primarily alleges that Defendant is liable under the FTCA for its negligent actions
28 while proceeding as a postal or letter carrier between September 2022 and February 2024.

1  (Compl. at 3.)  Upon exhaustion of his administrative remedies, Plaintiff filed the instant action
2  against the United States under the FTCA.[2]  However, the United States and its agencies are
3  entitled to sovereign immunity and cannot be sued absent a waiver of such immunity.  United
4  States v. Sherwood, 312 U.S. 584, 586 (1941); F.D.I.C., 510 U.S. at 475.

5    Plaintiff cites the Postal Reorganization Act ("PRA"), 39 U.S.C. § 101 *et seq.* as a federal
6  civil right that was violated in this action.  (Compl. at 3.)  The PRA, however, makes the USPS
7  an "independent establishment of the executive branch of the Government of the United States."
8  MB Fin. Grp., Inc. v. U.S. Postal Serv., 545 F.3d 814, 816 (9th Cir. 2008) (quoting 39 U.S.C. §
9  201).  As such, the USPS enjoys sovereign immunity absent a waiver.  Dolan v. U.S. Postal
10 Serv., 546 U.S. 481, 484 (2006).  Generally, the PRA "waives the immunity of the Postal Service
11 from suit by giving it the power 'to sue and be sued in its official name,' " and "also provides
12 that the [FTCA] 'shall apply to tort claims arising out of activities of the Postal Service[.]' "  Id.
13 (citations omitted).

14    The FTCA provides that district courts have exclusive jurisdiction of civil actions seeking
15 monetary damages for torts committed by government employees acting in the scope of their
16 employment.  United States v. Park Place Assocs., Ltd., 563 F.3d 907, 924 (9th Cir. 2009).  The
17 FTCA provides for certain categories of exceptions.  Relevant here, under 28 U.S.C. § 2680, the
18 United States cannot be sued for "[a]ny claim arising out of the loss, miscarriage, or negligent
19 transmission of letters or postal matter."  28 U.S.C. § 2680(b).  Critically, this section provides
20 that the USPS has not waived its sovereign immunity for "negligence causing mail to be lost or
21 to arrive late, in damaged condition, or at the wrong address."  Dolan, 546 U.S. at 486 (citing
22 Raila v. United States, 355 F.3d 118, 121 (2004)).  This postal matter exception has been applied
23 narrowly to "personal or financial harms arising from nondelivery or late delivery of sensitive

---

[2] Under the FTCA, a lawsuit shall not be instituted upon a tort claim against the United States for money damages unless the claim is presented to the appropriate federal agency and is finally decided in writing.  28 U.S.C. § 2675(a).  Here, Plaintiff alleges he filed a claim in Defendant's office on April 26, 2023, and Defendant failed to act on this claim.  (Compl. at 4.)  Plaintiff further alleges he filed another claim requesting $10,000 "for the damages caused for Defendant's negligence" on January 22, 2024, "and Defendant apologized himself without denying relief."  (Id.)  The Court notes Plaintiff refers to a February 5, 2024 letter from an individual from the USPS Office of the Consumer Advocate.  (Id. at 53.)  For screening purposes, the Court finds Plaintiff has sufficiently alleged exhaustion of his administrative remedies.

1 materials or information (e.g., medicines or a mortgage foreclosure notice) or from negligent
2 handling of a mailed parcel (e.g., shattering of shipped china)." Dolan, 546 U.S. at 489; MB Fin.
3 Grp., Inc., 545 F.3d at 818.

4   "[A]s a general rule," the postal matter exception provides the Defendant immunity "for
5 injuries arising, directly or consequentially, because mail either fails to arrive at all or arrives
6 late, in damaged condition, or at the wrong address." Dolan, 546 U.S. at 489.   Here, the heart of
7 Plaintiff's claim is that he suffered injury as a result of Defendant "negligently and carelessly"
8 failing to deliver his letters to his sister or delivering the letters to the wrong address. (Compl. at
9 3-5.)  Plaintiff's claim therefore arises out of the negligent transmission of postal matter and
10 clearly falls within the postal matter exception to the FTCA. See Beasor v. United States Postal
11 Serv., No. 118CV00337LJOSAB, 2018 WL 1845471, at *3 (E.D. Cal. Apr. 18, 2018), report and
12 recommendation adopted, No. 118CV00337LJOSAB, 2018 WL 6615114 (E.D. Cal. May 11,
13 2018) (dismissing a complaint that alleged a package was lost due to the negligence of postal
14 employees based on lack of jurisdiction); Wheeler v. U.S. Postal Serv., No. 1:11-CV-01430
15 AWI, 2011 WL 5101945, at *4 (E.D. Cal. Oct. 25, 2011) (finding the Court lacked jurisdiction
16 where the USPS purportedly "willingly knowingly and unlawfully delivering mail to [Plaintiff's]
17 old address ... and illegally preventing [and] delaying his mail."); Bono v. United States, 145 F.
18 Supp. 2d 441, 445 (D.N.J. 2001) (finding section 2680(b) clearly covers the mere loss or
19 miscarriage of mail); Marine Ins. Co. v. United States, 378 F.2d 812, 814 (2d Cir. 1967) (USPS
20 entitled to sovereign immunity for mail stolen while in the normal flow of mail).  Because the
21 United States has not waived its sovereign immunity for negligent transmission of mail, the
22 Court recommends that Plaintiff's claim under the FTCA be dismissed for lack of jurisdiction.

23   **C.** **Leave to Amend**

24   Leave to amend generally shall be denied only if amendment would unduly prejudice the
25 opposing party, cause undue delay, be futile, or if the moving party has acted in bad faith.
26 Leadsinger, Inc. v. BMG Music Publishing, 512 F.3d 522, 532 (9th Cir. 2008). "These factors,
27 however, are not given equal weight.  Futility of amendment can, by itself, justify the denial of ...
28 leave to amend." U.S. ex rel. Insoon Lee v. SmithKline Beecham, Inc., 245 F.3d 1048, 1052

(9th Cir. 2001). As discussed, the Court finds Plaintiff is precluded from pursuing a claim against either the United States or the USPS under Bivens. Plaintiff's claims arising out of the negligent transmission of postal matter are also precluded under the postal matter exception to the FTCA. Based on Plaintiff's allegations invoking the FTCA for Defendant's purported negligence in handling Plaintiff's mail, Plaintiff is unable to amend his complaint to establish that Defendant has waived its sovereign immunity. Accordingly, the Court finds amendment would be futile and recommends that the action be dismissed with prejudice.

## IV.

## CONCLUSION AND RECOMMENDATION

Based on the foregoing, IT IS HEREBY RECOMMENDED that Plaintiff's complaint be dismissed with prejudice for lack of jurisdiction.

These findings and recommendations are submitted to the District Judge to be assigned to this action, pursuant to 28 U.S.C. § 636(b)(1)(B) and this Court's Local Rule 304. Within **fourteen** (**14) days** of service of these recommendations, Plaintiff may file written objections to these findings and recommendations with the Court. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." The District Judge will review the Magistrate Judge's findings and recommendations pursuant to 28 U.S.C. § 636(b)(1)(C). The parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal. Wilkerson v. Wheeler, 772 F.3d 834, 839 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS FURTHER ORDERED that the Clerk of the Court is DIRECTED to randomly assign this matter to a District Judge.

IT IS SO ORDERED.

Dated:   **July 22, 2024**

UNITED STATES MAGISTRATE JUDGE